**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com
         bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN WEILER, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>COREPOWER YOGA LLC,<br><br>               Defendant. | Case No.   2:20-cv-3496<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiff Erin Weiler ("Plaintiff") brings this action individually and on behalf of all others similarly situated, against Defendant CorePower Yoga, LLC ("CorePower" or Defendant"). Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to herself, which are based on their personal knowledge.

## PARTIES

1.      Plaintiff Erin Weiler is a citizen of California, residing in Los Angeles, California. Ms. Weiler was a member at Defendant's CorePower Yoga Studios, paying $169 per month on a month-to-month basis. Plaintiff has been a month-to-month member since February 2020. On February 21, 2020, Defendant charged Plaintiff's credit card in the full amount of her month-to-month membership and her annual member charge - $169 – for the period of February 21 through March 21, 2020. On March 16, 2020, however, Defendant closed all of its CorePower Yoga Studios nationwide, including the CorePower Yoga Studio in Los Angeles, CA that Plaintiff attended. On March 21, 2020, Defendant attempted to further charge Plaintiff $84.00 for her membership from March 21 through April 21, despite the fact that Defendant's Studios remained closed and were set to be closed for the foreseeable future. Plaintiff promptly notified Defendant that it was not authorized to charge the $84.00 to her credit card. Defendant refused to freeze the charge, and continued to charge Plaintiff's credit card on a daily basis, until Plaintiff was forced to cancel her credit card to avoid the fraudulent charge. Defendant has retained the full amount of her membership even though Plaintiff does not have access to any of Defendant's Yoga Studios. Further, Defendant has not refunded Plaintiff any part of her monthly fee for March 16 through March 21, 2020, when Defendant's Yoga Studios were closed. Plaintiff signed up for Defendant's month-to-month membership with the belief and on the basis that she would have daily access Defendant's Yoga Studios. Plaintiff would not have paid for the membership, or

---

CLASS ACTION COMPLAINT                                                                    1

would not have paid for it on the same terms, had she known that she would not have access to any of Defendant's Yoga Studios.  Plaintiff continues to face imminent harm, as Defendant retains its customers' monthly fees while all of its Yoga Studios remain closed.

2.      Defendant CorePower Yoga, LLC is a Colorado corporation located and headquartered in Denver, Colorado.  Defendant is the operator of over 200 yoga studios nationwide, including 60+ Yoga Studios in California.  Defendant claims that its yoga studios provide "a yoga fitness experience like no other."[1]

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

4.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California. Defendant is registered to do business in the State of California.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and because Plaintiff resides and suffered the alleged harm in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.      Defendant CorePower has made the unconscionable decision to keep its thousands of customer's monthly membership fees while closing 100 percent of its Yoga Studios as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

[1] https://www.corepoweryoga.com/yoga-fitness-experience (last accessed April 13, 2020).

CLASS ACTION COMPLAINT                                                                        2

7.      Defendant is the operator of more than 200 Yoga Studios throughout the United States, of which over 60 are located cities in California.[2]  Defendant promises consumers that its "yoga classes, teachers and yoga studio network are there to welcome you when you're ready for a yoga fitness experience unlike any other."[3]  To use Defendant's Yoga Studios, all of Defendant's members sign up for a month-to-month membership called the "Black Tag" membership, or a day pass. Both passes assure members that Defendant will be "there to welcome you when you're ready for a yoga fitness experience unlike any other."[4]

8.      To sign up for Defendant's memberships, customers provide Defendant with their credit card information.  Defendant then automatically charges its customers' cards, as payments are due on a monthly basis.

//

//

//

//

//

//

//

//

//

//

//

//

---

[2] *Id.*; *see also* https://www.corepoweryoga.com/yoga-studio/all-locations (last accessed April 13, 2020).

[3] https://www.corepoweryoga.com/yoga-studio/all-locations (last accessed April 13, 2020).

[4] *Id.*

---

CLASS ACTION COMPLAINT                                                3

9.     On March 16, 2020, Defendant closed all of its Yoga Studios: Defendant has not refunded any consumers for their lost membership access. Instead, it has retained the fees for the time period between March 16 and present.

To Our Community,

As coronavirus has evolved over the past few weeks, we've done all that we can to support the health and safety of our teachers, students and local communities. To stay true to that, we've made the difficult decision to temporarily close our studios beginning March 16. We plan to resume classes March 30, but will reassess as we get closer and keep you updated. Although this will be challenging for all of us, we are confident in the strength of this community and know we can get through this together.

If you have a monthly membership or are currently in Teacher Training, watch for an email update coming tomorrow with more information.

What's important to remember right now is that our yoga practice is always there for us – wherever we are. While studios are closed, you will have free access to a special collection of online classes through CorePower Yoga On Demand. New C1, C2, Sculpt, HPF and even meditation classes will be available every week so you can keep up your practice from home. We truly hope this supports your health and wellbeing - please share with friends, family or anyone who needs yoga now more than ever.

If you have questions or need anything, please email info@corepoweryoga.com. We are beyond grateful for this community and can't wait until we can flow together in our studios again soon.

Namaste,

Niki Leondakis
Chief Executive Officer

//
//
//
//
//
//

CLASS ACTION COMPLAINT                                                                    4

10.    Further, Defendant continued to charge members dues during the period in which Defendant's Yoga Studios were closed.  For instance, in a message to Plaintiff, Defendant stated that it would charge her $84 despite the fact that its studios were closed:

We have been experiencing an extremely high volume of inquiries and apologize that we did not respond to your request before your most recent billing. Please note **your 3/21/2020 membership payment will still run.** However, this payment will be only $84, to account for the time we have been closed.  We will automatically extend the freeze through the entire closure period.

We are beyond grateful for you and this community and as a member, you will now have full unlimited access to all online classes through CorePower Yoga On Demand starting Sunday, March 22. Enjoy 20, 30 and 60 minute versions of the same CorePower class formats you're used to in studios. Watch for an email from support@vhx.tv with directions to access your newly activated account. Please double check your spam folder and if you have any issues, contact support. Note if you're already a subscriber, we'll automatically adjust your account.

Until we can practice together again in studios, we will also be streaming live classes for you each day.

There is endless strength in this community and we will find our way together. We can't wait until we can flow together in our studios again soon.

Thank you,

Customer Experience

11.    Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers in California that have paid or were charged fees while Defendant's Yoga Studios were closed for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, breach of contract.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendant's members nationwide that were charged dues for a period of time when Defendant's Yoga Studios were closed.

13.     Plaintiff also seeks to represent a subclass defined as all members of the Class who are members at a Yoga Studio in California (the "California Subclass").

14.     Excluded from the Class are persons who made such purchase for the purpose of resale.  Also excluded are Defendant and their affiliates, parents, subsidiaries, employees, officers, agents, and directors, as well as any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

15.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

16.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the tens or hundreds of thousands.  The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the membership records of Defendant.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

18.     Plaintiff's claims are typical of the claims of the Class in that she purchased the CorePower memberships in reliance on the representations and warranties described above, and suffered a loss as result of those purchases.

19.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues

### COUNT I
**Violation of California's Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, *et seq*.**
**(Injunctive Relief Only)**

21.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

22.     Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

23.     Plaintiff and Class members are consumers who paid fees for use of Defendant's Yoga Studios for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

24.   Defendant's Yoga Studio access that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

25.   Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

26.   Defendant's advertising that consumers would have access to its Yoga Studios upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its Yoga Studios while continuing to retain and charge consumers for Yoga Studio memberships.

27.   California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

28.   Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

CLASS ACTION COMPLAINT                                                                 8

29.   Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

30.   Plaintiff and the Class acted reasonably when they purchased Defendant's Yoga Studio membership on the belief that Defendant's representations were true and lawful.

31.   Plaintiff and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's Yoga Studio memberships absent Defendant's representations and omission of a warning that it would retain and charge membership fees while its Yoga Studios nationwide are closed; (b) they would not have purchased Yoga Studio memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's Yoga Studio membership based on Defendant's misrepresentations and omissions; and (d) Defendant's Yoga Studio memberships did not have the characteristics, benefits, or quantities as promised.

32.   Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

33.   Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

## COUNT II

**Violation of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq*.**

34.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

36.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

37.     Defendant's advertising that its Yoga Studios members would have access to its Yoga Studios upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its Yoga Studios while continuing to retain its membership fees and charge its customers for Yoga Studio memberships.

38.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

39.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising and its retention of membership fees while its Yoga Studios are closed is of no benefit to consumers.

40.     Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only owe fees when they would have access to Defendant's Yoga Studios.

41.     Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only owe fees when Defendant's Yoga Studios were open and accessible.

42.     Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased or paid for Defendant's Yoga Studio memberships absent Defendant's representations and omission of a warning that it would retain membership fees while all Yoga Studios nationwide are closed; (b) they would not have purchased Yoga Studio memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's Yoga Studio membership based on Defendant's misrepresentations and omissions; and (d) Defendant's Yoga Studio memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT III
### Violation of California's False Advertising Law,
### California Business & Professions Code §§ 17500, *et seq*.

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

45.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or

performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

46.     Defendant engaged in a scheme of retaining and charging its customers membership fees while 100 percent of its Yoga Studios were closed.  Defendant's advertising and marketing of its Yoga Studio membership as providing access to its locations misrepresented and/or omitted the true content and nature of Defendant's services.  Defendant's advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase Yoga Studio memberships, and are statements disseminated by Defendant to Plaintiff and Class members.  Defendant knew that these statements were unauthorized, inaccurate, and misleading.

47.     Defendant's advertising that Yoga Studio members would have access to its Yoga Studio locations and that its customers would have access to its Yoga Studios upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its Yoga Studios while continuing to retain its membership fees and charge its customers for Yoga Studio memberships.

48.     Defendant violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would be owe fees only when they have access to Defendant's Yoga Studios.

49.     Defendant knew or should have known, through the exercise of reasonable care that its advertising that customers would have unlimited access to all Yoga Studio locations is false and misleading.  Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it retained all Yoga Studio fees while all of its Yoga Studios were closed.

50.     Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because: (a) they would not have purchased or paid for Defendant's Yoga Studio memberships absent Defendant's representations and omission of a warning that it would retain and charge membership fees while its Yoga Studios nationwide are closed; (b) they would not have purchased Yoga Studio memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's Yoga Studio membership based on Defendant's misrepresentations and omissions; and (d) Defendant's Yoga Studio memberships did not have the characteristics, benefits, or quantities as promised.

## <u>COUNT IV</u>
### Breach of Express Warranty

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

53.     In connection with the sale of Yoga Studio memberships, Defendant issues an express warranty that customers would have access to its Yoga Studio locations.

54.     Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

55.     Defendant breached its express warranty because Defendant does not provide access to its Yoga Studio locations.  In fact, Defendant has retained and charged its monthly fees while 100 percent of its Yoga Studios are closed.

56.     Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased or paid for Defendant's Yoga Studio memberships absent Defendant's representations and omission of a warning that it would retain and charge membership fees while its Yoga Studios nationwide are closed; (b) they would not have purchased Yoga Studio memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's Yoga Studio membership based on Defendant's misrepresentations and omissions; and (d) Defendant's Yoga Studio memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT V
### Negligent Misrepresentation

57.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

59.     As discussed above, Defendant misrepresented that customers would have access to its Yoga Studio locations.  However, Defendant in fact closed all of its Yoga Studios while continuing to retain its membership fees and charge its customers for Yoga Studio memberships.

60.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

61.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its Yoga Studio memberships and services.

62.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were

intended to induce and actually induced Plaintiff and Class members to purchase Defendant's Yoga Studio memberships.

63.     Plaintiff and Class members would not have purchased Defendant's Yoga Studio memberships, or would not have purchased the services on the same terms, if the true facts had been known.

64.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT VI**
**Fraud**

65.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

67.     As discussed above, Defendant misrepresented that customers would have access to its Yoga Studio locations.  However, Defendant in fact closed all of its Yoga Studios while continuing to retain its membership fees and charge its customers for Yoga Studio memberships.  These misrepresentations and omissions were made with knowledge of their falsehood.

68.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to Defendant's Yoga Studio memberships.

69.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT VII
### Unjust Enrichment

70.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

72.     Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, membership fees while 100 percent of Defendant's Yoga Studios were and remain closed.

73.     Defendant has knowledge of such benefits.

74.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is retaining its customers full membership fees while 100 percent of its Yoga Studios remain closed.  These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's membership fees had the true facts been known.

75.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII
### Money Had and Received

76.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

77.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually

and on behalf of the members of the proposed California Subclass against Defendant.

78.     Defendant received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

79.     Defendant obtained rough money in the form of membership fees that was intended to be used to provide Yoga Studio access to Plaintiff and the Class. However, Defendant has retained and charged its membership fees while 100 percent of its Yoga Studios were and remain closed.

## COUNT IX
### Conversion

80.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

82.     Plaintiff and members of the Class had a right to retain their membership fees while all of Defendant's Yoga Studios were and remain closed; Defendant intentionally retained and charge the Plaintiff's and Class members' monthly membership fees while Defendant's Yoga Studios were closed; Plaintiff and Class members did not consent to Defendant's retaining such fees while Defendant's Yoga Studios are closed; Plaintiff and Class members were harmed through Defendant's retention and charging of their membership fees; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

## COUNT X
### Breach of Contract

83.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

84.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

85.     Defendant entered into contracts with Plaintiff and Class members to provide access to Yoga Studio facilities in exchange for the payment of membership fees.  Defendant has breached these contracts by retaining and charging Class members' membership fees while 100 percent of its Yoga Studios remain closed. Plaintiff and Class members have suffered an injury through the payment of membership fees while not having access to Defendant's Yoga Studios.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, seek judgment against Defendant, as follows:

a)   For an order certifying the certifying the Nationwide Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Weiler as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b)   For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

(c)   For an order finding in favor of Plaintiff, the Class, and California Subclass on all counts asserted herein;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d)   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or Jury;

(e)   For prejudgment interest on all amounts awarded;

(f)   For an order of restitution and all other forms of equitable monetary relief;

(g)   For injunctive relief as pleaded or as the Court may deem proper; and

(h)   For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  April 15, 2020          **BURSOR & FISHER, P.A**.

By:  */s/ Brittany S. Scott*
Brittany S. Scott

Yeremey Krivoshey (State Bar No. 295032)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com
         bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                                    19

## **CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

  1. I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court.  I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

  2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

  3. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Oakland, California this 15th day of April, 2020.

*/s/ Brittany S. Scott*
Brittany S. Scott
